UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

| | |
|---|---|
| Annie Smith, on behalf of herself and all others similarly situated | Civil Action No. |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| v. | **NO JURY TRIAL DEMANDED** |
| Leopold & Associates, PLLC | |
| Defendant. | |

--------------------------------------------------------X

Plaintiff, by and through her counsel, The Law Offices of Gus Michael Farinella, PC, as and for her complaint against the Defendant, on behalf of herself and pursuant to Rule 23 of the Federal Rules of Civil Procedure, all others similarly situated alleges as follows:

**INTRODUCTION**

1. Plaintiff, on her own behalf and on behalf of the class she seeks to represent, brings this action to secure redress for the illegal practices of the Defendant, Leopold & Associates, PLLC ("Leopold" or "Defendant"), in connection with their attempts to collect alleged debts from the Plaintiff and others.

2. Plaintiff alleges that Leopold's collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA")

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4.  The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. <u>Bentley v Great Lakes Collection Bureau</u>, 6 F.3d 60, 62-3 (2d Cir. 1993)

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over the FDCPA claim pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

6.  Venue and personal jurisdiction in this District are proper because:

    a.  The acts giving rise to this lawsuit occurred within this District;

    b.  Defendant resides within this District.

## PARTIES

7.  Plaintiff, Annie Smith, is an individual natural person who at all relevant times resided in the City of Mount Vernon County of Westchester, State of New York.

8.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692(a)(3).

9.  Defendant Leopold & Associates, PLLC, is a Domestic Professional Service Limited Liability Company with a principal place of business located at 80 Business Park Drive, Suite 110 Armonk, NY 10504

10. The principal purpose of Leopold is the collection of debts using the mail and telephone.

11. Leopold regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. Leopold is regularly engaged in the business of foreclosing on security deeds and collecting on defaulted promissory notes for mortgage servicers and other entities.

13. Leopold is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

2

## FACTS

14. Sometime prior to February 2003 Plaintiff allegedly incurred a debt (the "Debt" or "Mortgage Loan").

15. The Debt arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, namely fees emanating from a personal mortgage loan on the Plaintiff's primary residence.

16. The Mortgage Loan is a "debt" as defined by 15 U.S.C. §1692a(5).

17. Plaintiff is informed and believes, and on that basis alleges, that sometime prior to April 2015, Ocwen Loan Servicing, LLC, the servicing agent for the mortgage creditor, either directly or through intermediate transactions assigned, placed or transferred the Debt to Leopold for collection.

18. On or about February 4, 2015, Leopold sent a letter to Plaintiff seeking to collect the Debt. (Annexed and attached hereto as Exhibit A is a copy of the letter dated February 4, 2015, sent by Leopold to the Plaintiff)

19. The Plaintiff received and reviewed the letter attached as Exhibit A.

20. Exhibit A seeks to collect the Mortgage Loan. Exhibit A states in bold letters "**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED BY THIS OFFICE WILL BE USED FOR THAT PURPOSE.**

21. The letter attached as Exhibit A is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

22. Exhibit A states in relevant part:

    CONSUMER NOTICE PURSUANT TO 15 U.S.C. SECTION 1692(G)

Unless you notify this office, in writing, within thirty (30) days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt to be valid.

(see **Exhibit "A"**).

23. Exhibit A represents Leopold's the initial collection "communication" with the consumer as "communication" is defined by the FDCPA.

24. Plaintiff did not receive any other document from Leopold purporting to contain the initial disclosures required by 15 U.S.C. §1692g.

25. Upon information and belief, based on the content of Exhibit A, that was the only document Leopold sent purporting to contain the initial disclosures required by 15 U.S.C. §1692g.

26. Exhibit A fails to provide the proper disclosures required by 15 U.S.C. §1692g and Leopold failed to provide Plaintiff with such disclosures within five (5) days thereafter.

27. Leopold's collection practice is a high volume practice.

28. Leopold's debt collection practice is largely automated and utilizes standardized form letters.

29. Leopold, as a matter of pattern and practice, mail or send, or cause to be mailed or sent, communications to alleged debtors that fail to provide the disclosure required by 15 U.S.C. §1692g(a)(3).

30. Documents in the form represented by Exhibit A are regularly sent by Leopold to collect delinquent or defaulted mortgage debts.

31. Exhibit A is a standardized form letter which Leopold uses for the purpose of attempting to comply with 15 U.S.C. §1692g, which was sent, or caused to be

sent, over the course of the past year by Leopold to hundreds of New York consumers from whom Leopold attempted to collect debts.

32. Defendant is liable to the Plaintiff for statutory damages pursuant to 15 U.S.C. §1692k because of the FDCPA violation.

**CLAIM FOR RELIEF**

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §1692, et seq.**

33. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

34. In sending the letter attached as Exhibit A the Defendant violated 15 U.S.C. §§1692, 1692e, 1692e(10), 1692g, and 1692g(a)(3).

35. The FDCPA at Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer

36. The FDCPA at Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

37. The letter attached as Exhibit A violates the FDCPA, specifically §1692g(a)(3), because the letter instructs the consumer to make a dispute in writing to prevent Leopold from assuming the validity of the debt. However, the FDCPA does not prescribe that disputes to prevent the assumption of validity must be made in writing only. Such disputes may be made verbally. The statement in the letter attached as Exhibit A that the dispute must be in writing is therefore improper and violates the FDCPA. The Second Circuit Court of Appeals has previously ruled that the exact language in Leopold's letter is a violation of the FDCPA. *See* Hooks v. Forman, Holt, Eliades & Ravin, LLC, 717 F. 3d 282 (2nd Cir. 2013). Therefore, Leopold violated the FDCPA by sending the letter attached as Exhibit A to the Plaintiff and the class members.

38. Leopold violated 15 U.S.C. § 1692g(a) by failing to disclose in the letter attached as Exhibit A, or within five days thereafter, the information required by 15 U.S.C. §1692g(a)(3).

39. Leopold violated 15 U.S.C. §1692e(10) by failing to disclose in the letter attached as Exhibit A or within five days thereafter information required by 15 U.S.C.

6

§1692g and as such used a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

40. The Defendant is liable to the Plaintiff pursuant to 15 U.S.C. §1692k because of the FDCPA violations.

## CLASS ACTION ALLEGATIONS

41. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

42. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all others persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

43. Plaintiff brings this action on behalf of herself and all others similarly situated.

44. This cause of action is brought on behalf of Plaintiff and the members a class.

45. The class consists of (a) all individuals (b) with a New York address (c) who were sent a letter from Leopold in the form of Exhibit A, which was not returned as undeliverable, on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action (d) seeking to collect a consumer debt that was serviced by Ocwen Loan Servicing, LLC, where (e) the initial letter stated that the consumer must dispute the debt in writing to prevent Leopold from assuming the validity of the debt.

46. The proposed class specifically excludes the United States of America, the states of the Second Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Second Circuit and the United States Supreme Court, all officers and agents of Defendant and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

47. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    i.  **Numerosity**: The Plaintiff is informed and believes and on that basis alleges that the Plaintiff class defined above is so numerous that joinder of all members would be impracticable. Upon information and belief, there are at least 40 members of the class. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by the Defendant.

    ii.  **Common Questions Predominate**:  There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of the Defendant's identical conduct particular to the matter at issue; (b) Defendant's violations of the FDCPA, specifically 15 U.S.C. §1692e and/or 15 U.S.C. §1692g; (c) The availability of statutory penalties; and (d) Attorney's fees and costs. The only individual issue involves the identification of the consumers who received such collection letters, (i.e. the class

members). This is purely a matter capable of ministerial determination from the records of the Defendant.

iii. **Typicality**: The claims of the Plaintiff are typical of those of the class she seeks to represent. The claims of the Plaintiff and of the class originate from the same conduct, practice, and procedure, on the part of the Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in consumer litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither the Plaintiff nor their counsel have any interests which might cause them to no vigorously pursue the instant class action lawsuit

9

v. **<u>Superiority</u>**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

48. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

49. A class action is superior for the fair and efficient adjudication of this matter, in that:

   a.  Individual actions are not economically feasible;

   b.   Members of the class are likely to be unaware of their rights;

   c.  Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

1.  An order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above.

2.  Adjudging that Leopold violated 15 U.S.C.  §§1692e,

    1692e(10), 1692g,  and 1692g(a)(3)

3.  An award of statutory damages for Anne Smith and the

    Plaintiff Class pursuant to 15 U.S.C. §1692k;

4.  Attorney's fees, litigation expenses and costs of suit

    pursuant to 15 U.S.C. §1692k; and

5.  Such other and further relief as the Court deems proper.


Dated: Floral Park, New York
       August 28, 2015

                              THE PLAINTIFF

                                /s/ Ryan Gentile
                        By:_____
                              Ryan Gentile, Esq.
                              Law Offices of Gus Michael Farinella PC
                              *Attorney for Plaintiff*
                              110 Jericho Turnpike – Suite 100
                              Floral Park, NY 11001
                              Tel: (212) 675-6161
                              Fax: (212) 675-4367
                              rlg@lawgmf.com


## <u>NOTICE OF ASSIGNMENT</u>

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

                        The Law Offices of Gus Michael Farinella, PC

                                /s/ Ryan Gentile
                        By:_____
                              Ryan Gentile